**NOT FOR PUBLICATION**

JAN 25 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS JAVIER MARULANDA, | No. 10-16639 |
| Plaintiff - Appellant, | D.C. No. 2:04-cv-02798-HRH |
| v. | |
| UNITED STATES MARSHALS SERVICE; JAY MASON, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
H. Russel Holland, District Judge, Presiding[**]

Submitted January 17, 2012[***]

Before:    LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable H. Russel Holland, United States District Judge for the District of Alaska, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Federal prisoner Carlos Javier Marulanda appeals pro se from the district court's summary judgment in his action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his Fifth Amendment due process rights in connection with the destruction of his personal property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because there is no due process violation when Congress has provided an adequate post-deprivation remedy for the unauthorized acts of a federal employee. *See* 31 U.S.C. § 3724(a) (allowing the Attorney General to settle claims for losses caused by law enforcement personnel); *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) (due process was not violated by government official's intentional deprivation of property, provided that a meaningful post-deprivation remedy was available).

Marulanda's remaining contentions, including those concerning the law of the case doctrine, are unpersuasive.

We do not consider arguments raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**